IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore)

| | | |
|---|---|---|
| IN RE: | * | |
| **MARK THOMAS JOHNSON** | * | Case No. 18-15067 |
| Debtor. | * | Chapter 7 |

\* * * * * * * * * * * * * *

**OBJECTION AND OPPOSITION TO
MOVANT'S JESSICA JONES MOTION TO EXTEND
<u>DEADLINE TO FILE A COMPLAINT OBJECTING TO DISCHARGE</u>**

Now comes Mark Thomas Johnson, Debtor, by his attorney, Timothy J. Mummert and respectfully opposes the Motion to Extend Deadline to File a Complaint Objecting to Discharge [43] as Movant failed to prove standing of being an interested party as well as failed to allege facts to prove there is cause for extending the deadline and states in opposition that:

**PROCEDURAL HISTORY**

1) On or about April 16, 2018, Debtor filed an Emergency Voluntary Petition for Bankruptcy Relief due to a pending oral exam and post judgment deposition of a third party the next day by OPS International Inc. Creditor 4.14 on Schedule E/F [32]. The purpose of this debt and how it relates back to Movant will be explain *infra*.

2) On or about April 30, 2018, Debtor filed a Motion to Extend Time to File the remaining documents [19] and Amended List of Creditors to add a former employee of Debtor's business that sued Debtor personally.

3) On or about May 1, 2018, the Clerk issued a Deficiency Notice because undersigned Counsel apparently did not include an Amended Verification of Creditor

Matrix. In lieu of filing that Verification, undersigned Counsel just added that creditor to the Amendment on May 21, 2018.

4) On May 2, 2018, the Clerk entered Order in this matter granting an extension until May 21, 2018 for filing all the remaining documents for the Voluntary Petition. [21]

5) On May 21, 2018, Debtor filed an Amendment to List of Creditors, Summary of Assets, Schedule A/B, Schedule C, Schedule D, Schedule E/F, Schedule H, Schedule G, Schedule I, Declaration about Schedules, Statement of Financial Affairs, Statement of Intent, and Certificate of Service. [26-40].

6) On May 23, 2018, a Meeting of Creditors was held. No creditors nor the Office of the US Trustee appeared at the meeting.

7) On or about July 2, 2018, after a thorough investigation, the Chapter 7 Trustee Goldstein issued a No Asset Report.

8) On or about July 23, 2018, Movant filed her Motion to Extend Deadline.

## ARGUMENT

***A.  Movant has failed to meet her burden that she has cause to extend the deadline.***

9) Bankruptcy Rule 4004(b)(1) is clear what the requirements are to extend the deadline to object to discharge:

> On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired.

10) Thus, the two requirements of the rule are the Movant must be a party in interest and must have cause.

11) Paragraph 12 of Movant's Motion claims that her debt is non-dischargeable pursuant to 11 USC § 523 and that there is a 11 USC § 727(a) grounds for objection.

12) However, there are zero facts in the Motion to even reach a conclusion of a possible 523 or 727 issues.

13) Nothing can be more illustrative of the missing information is that Movant did not allege which 523 Objection she has. As the Court is aware, there are at least 29 reasons to object to discharge under 523. Clearly, if there is a lawsuit pending in the Commonwealth of Pennsylvania, she was in a position on July 23, 2018 to state with specificity one of the 29 reasons, if not file an Objection to Discharge proceeding against Debtor. The Court should also note that Debtor waited until the fourteenth day to respond and Movant did not Amend her Motion during those fourteen days to add specific factual allegations.

14) Rather, Debtor wants the Court to speculate and pick one of the 29 reasons for her.

15) In light that there is a Complaint filed in Commonwealth of Pennsylvania and that her plain language in her motion is unequivocal and definite that "she **has** claims against the Debtor that **are** non-dischargeable pursuant to 11 U.S.C. § 523", the Court must require the precision she asserted, especially considering the requirements of Bankruptcy Rule 9011. (Emphasis added.)

16) For these reasons, she failed to prove cause and her Motion should be denied.

**B.**   ***Movant failed to prove she is a person of interest in her Motion.***

17) The only facts in Movant's Motion that she is a party of interest is that she states in Paragraph 8 she filed a Complaint in the Court of Common Pleas in Delaware County, Pennsylvania and that Debtor was allegedly served on or about December 27, 2017. [Paragraphs 8 and 9 of Docket 43].

18) However, interestingly missing from her Motion is what and why Debtor owed a debt to Movant. This information is necessary to prove she has standing to make this request of the Court and to continue a case that would have been closed.

*i.    **Movant is a former owner of a business that YM Advantage, LLC purchased, Movant was supposed to be a consultant to the Yale Clinic, and Movant had a Note Payable owed to YM Advantage, LLC.***

19) To assist the Court why this information is missing, the Court should know who Movant is.

20) Specifically, YM Advantage LLC purchased The Yale Clinic from The Yale Clinic and MCJG LLC.

21) Movant was a 50% Member and Co-Manager of The Yale Clinic LLC and 100% member of MCJG LLC. See Exhibit 1 – Redemption and Asset Transfer Agreement and Release.[1]

22) Pursuant to Paragraph 1 of the Redemption Agreement, Movant sold her 50% (Fifty Percent) interest to YM Advantage.[2] Pursuant to Paragraph 2 of the

---

[1] The Court should note that the Agreement attaches many Exhibits that are missing in the document. Undersigned Counsel was neither involved in the negotiation nor execution this Agreement. Undersigned Counsel has inquired and investigated this issue and has reasons to believe that there are no actual written documents for each missing attachment/exhibit. Unfortunately, this is another case where the expediency of getting a business deal done, all the "i's" were not dotted nor where the "t's" crossed.

Redemption and Asset Transfer Agreement and Release, Movant received zero monetary compensation for interest. Rather, her consideration was retaining three clinics: New Orleans Clinic, Washington DC/Silver Spring Clinic, and the Corporate Office in Wayne, Pennsylvania. <u>Exhibit 1</u>. Upon execution, YM Advantage LLC was the sole member of The Yale Clinic.

23) Furthermore, YM Advantage, LLC executed a promissory note with Movant for $250,000. <u>See Exhibit 2 – Promissory Note.</u>

24) The Court should note there is no Personal Guarantee for this Promissory Note.

25) Based on Exhibits 1 through 5, Movant does not appear to have a valid cause of action against Debtor, which raises the question of how is she a creditor and how does she have standing to make this Motion to the Court.

### ii. *Movant continued to use assets of The Yale Clinic after the Redemption Agreement.*

26) Except for the Assets listed in Paragraph 2, Movant as a member of the former company, assigned to YM Advantage LLC all the assets of the company.

27) However, Movant continued to use a bank account after the purchase with the name "The Yale Clinic."

28) Exhibit 6 is a notice of dishonored check owed to OPS International Inc in the amount of $57,179.50. Exhibit 6 also attached a more legible copy of that check that Debtor, as Manager Member, obtained as owner of this Wells Fargo account. The

---

[2] Prior to the Redemption Agreement, on April 22, 2016, YM Advantage purchased Rand Clinic, LLC's Membership Interest in the Yale Clinic. [Exhibit 5.]

Check date is May 27, 2016. It was initially presented on June 2, 2016 and declined on June 6, 2016. The new Yale Clinic upon learning of this check and that the maker was Movant immediately stopped payment on the check. It was declined a second time on June 17, 2016.

29) Debtor, as Manager Member of the new Yale Clinic did not authorize that check.

30) It is no where disclosed in the Redemption Agreement.

31) The Court should also note that it is personally signed by the Movant.

32) Further, the Court should note the address on the Check is a Florida address and not Wayne PA Corporate Office, Washington DC/Silver Spring Clinic, nor the New Orleans Clinic which Movant kept pursuant to the Redemption Agreement.

33) As a result of that check, the Circuit Court for Orange County Florida first obtained judgment plus treble damages against The Yale Clinic. Under Florida law, bad check is subject to treble damages. On January 30, 2018, the Clerk entered a Judgment against, *inter alia*, for personal liability. [Exhibit 7].

34) In light of that Judgment, Debtor weighed his options. Although Debtor does not believe that Florida had either long arm jurisdiction over him nor was he personally liable for a bad check, the cost of appeal and the need for a supersedes bond was overwhelming. For that reason, Debtor chose to file personal bankruptcy.

35) The money judgment against Debtor is the direct result of Movant's bad check.[3]

---

[3] Debtor did not include Movant as an asset or claim on Schedule B because there was no privity of contract between Debtor and Movant. Further there does not appear to be a

36) Movant wrote the following additional checks without permission of the new Yale Clinic:

| Check # | Check Date | Paid Date | Payee (Description) | Amount |
|---|---|---|---|---|
| 2350 | 4/15/2016 | 6/17/2016 | Dr. James Curtis Jones (Employee pay) | $4,005.00 |
| 2359 | 4/15/2016 | 6/14/2016 | Dr. Kenneth Koster (Employee pay) | $1,050.00 |
| 2386 | 4/29/2016 | 6/17/2016 | Dr. James Curtis Jones (Employee Pay) | $3,150.00 |
| 2394 | 5/13/2016 | 6/17/2016 | Dr. James Curtis Jones (Employee pay) | $3,060.00 |
| 2400 | 4/26/2016 | 6/2/2016 | Bobby Bradberry PC Petty Cash Replenishment | $100 |
| 2406 | 4/29/2106 | 6/1/2016 | Cox Business (Utility) | $173.55 |
| 2409 | 4/29/2016 | 6/1/2016 | Cox Business (Utility) | $311.98 |
| 2412 | 4/30/2016 | 6/15/2016 | Everette Jones, MD (Employee pay) | $1,000.00 |
| 2414 | 4/30/2016 | 6/13/2016 | Point 100 LP (Commercial Rent) | $3,983.10 |
| 2415 | 4/30/2016 | 8/1/2016 | Gateway Mortgage (Residential Mortgage?) | $2,612.00 |
| 2416 | 4/30/2016 | 6/13/2016 | Partridge Square LLC (Commercial Rent) | $3,646.50 |
| 2417 | 4/30/2016 | 6/13/2016 | J.L. Bates LLC (Commercial Rent) | $4,281.13 |
| 2419 | 4/30/2016 | 6/14/2016 | King Street Properties LLC (Commercial Rent) | $3,800.00 |
| 2420 | 4/30/2016 | 6/15/2016 | Citec Florida LLC (Commercial Rent) | $3,043.26 |
| 2421 | 4/30/2016 | 6/15/2016 | Becker LLC (Commercial Rent) | $4,565.33 |
| 2422 | 4/30/2016 | 6/13/2016 | Consolidated Properties LC (Commercial Rent) | $3,868.00 |
| 2423 | 4/30/2016 | 6/14/2016 | Edenborn Partners LP (Commercial Rent) | $3,563.63 |
| 2424 | 4/30/2016 | 6/13/2016 | Perimeter Sabin, LLC (Commercial Rent) | $3,355.79 |
| 2425 | 4/30/2016 | 6/15/2016 | Hill Management Inc (Commercial Rent) | $3,135.95 |

---

tort (i.e., conversion) because the facts are the Movant wrote a bad check from a business account (i.e., the Yale Clinic) and not Debtor's personal account.

| Check # | Check Date | Paid Date | Payee (Description) | Amount |
|---|---|---|---|---|
| 2426 | 4/30/2016 | 6/14/2016 | Summit Building LLC (Commercial Rent) | $5,590.94 |
| 2446 | 5/13/2016 | 6/13/2016 | Wayne J. Tillbodonux? (Employee pay) | $900.00 |
| 2447 | 5/13/2016 | 6/14/2016 | Dr. Kenneth Koster (Employee pay) | $990.00 |
| 2451 | 5/13/2018 | 6/2/2016 | Michael Ward (Employee back pay) | $914.00 |
| 2460 | 5/17/2018 | 6/1/2016 | Dr. Michael Cannone (Employee back pay) | $832.50 |
| 2462 | 5/17/2016 | 6/9/2016 | Justin Van Camp (Employee back pay) | $350.00 |
| 2465 | 5/17/2016 | 6/6/2016 | Nicholas Kalvin MD (Employee back pay) | $510.00 |
| 2472 | 5/23/2016 | 6/13/2016 | Iqbal Ahmad (Employee back pay) | $4,200.00 |
| 2473 | 5/23/2016 | 6/1/2016 | Albert Nickles (Employee pay) | $260.00 |
| **Total** | | | | **$67,252.66** |

[Exhibit 7].

37) Movant failed to disclose these checks in the Redemption Agreement and she failed to exclude this checking account in the Redemption Agreement. On just these (and there are more), she failed to disclose $124,432.16.

38) The most telling sign that this bank account asset did not stay in her control, besides the Redemption Agreement, is that the address on each check is a Florida address and Movant never attempted to change it to a successor business after the execution of the Redemption Agreement.

39) For these reasons, it is imperative that Movant must show she has standing to bring a Motion to Extend Time as a person of interest.

## CONCLUSION

40) Movant is a significant reason Debtor had to file Bankruptcy.

41) As a result of her writing a check after the Redemption Agreement on May 27, 2016, Debtor ended up being personally liable for treble damages on a bad check of $266,126.97 plus post judgment interest and costs to OPS International.

42) Movant needs to allege, more than a conclusory statement, that Debtor owes her money by stating a specific amount and how Debtor became liable to Movant. Without these facts, which are minimal facts, the Court must speculate.

43) Further, Movant also needs to show she is a person of interest. Debtor has provided significant information about transactions between businesses of Debtor and Movant, which clearly fails to make him personally liable for those transactions. Without Movant providing actual factual allegations, to grant the extension and presumptive 2004 Examination, it would open the flood gates to everyone seeking information from a debtor in Bankruptcy.

44) If the Court permits the Creditor to extend time, it would cause damage to Condo Association from proceeding against Debtor's property as well as OPS from proceeding against businesses that it obtained judgments against as well.

45) For these reasons, the Court must deny the Motion to Extend Time to Object as Debtor failed to meet her burden under Federal Bankruptcy Rule 4004(b)(1).

The Mummert Law Firm

/s/ Timothy J. Mummert
Timothy J. Mummert (#27554)
P.O. Box 2394
Glen Burnie, MD 21060
(410) 766-1100 telephone
(410) 766-8880 facsimile
timothy@mummertlaw.com

*Attorney for Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of August 2018 a copy of the foregoing was served via ECF to Marc A. Ominsky, Esquire at marc@mdlegalfirm.com, adeal@mdlegalfirm.com, bkcourtmailmd@gmail.com, a.mr78701@notify.bestcase.com and the Chapter 7 Trustee Charles R. Goldstein at trustee@3cubed-as.com, MD13@ecfcbis.com.

/s/ Timothy J. Mummert
Timothy J. Mummert (#27554)